IMG-247                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1338
_____

MELIK YAVUZ,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 099-758-003)
Immigration Judge: Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 2, 2010)

_____

OPINION
_____

PER CURIAM

Petitioner Melik Yavuz seeks review of the Board of Immigration Appeals'

("BIA") decision to affirm the Immigration Judge's ("IJ") final order of removal.  We

will dismiss the petition for lack of jurisdiction.

II.

Yavuz is a native and citizen of Turkey. He was admitted to the United States in December 2005 as a visitor, but remained longer than permitted. In March 2006, Yavuz was convicted in New Jersey Superior Court of harassment and sexual contact and was sentenced to a probationary term of two years. Yavuz was subsequently served with a notice to appear, charging him with removability on the bases that he overstayed his visa and had been convicted of a crime involving moral turpitude. See INA § § 237(a)(1)(B) and 237(a)(2)(A)(i).

In December 2006, Yavuz sought relief from removal, applying for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Yavuz claimed that he experienced past persecution and fears future persecution in Turkey because of his Kurdish ethnicity and also because of his affiliation with HADEP, a Kurdish activist party. Following an administrative hearing in March 2008, the IJ denied Yavuz relief on both statutory and discretionary grounds. First, the IJ determined that Yavuz was statutorily ineligible for asylum and related relief because his testimony lacked credibility. Specifically, the IJ found that Yavuz testified in vague terms regarding the problems he suffered in Turkey due to his ethnicity, that his hearing testimony was inconsistent with his asylum application and affidavit, and that his brother, who testified on his behalf at the hearing, presented contradictory evidence regarding Yavuz's HADEP participation. Additionally, the IJ found that Yavuz failed to provide adequate

2

corroborating evidence of his claims. As a result of those findings, the IJ determined that Yavuz was unable to prove that he experienced past persecution, or was likely to be persecuted in the future "on account of his Kurdish ethnicity or for any other reason." (IJ's Opinion at 11.) Alternatively, the IJ found that even if Yavuz had been statutorily eligible for asylum, his application would be denied in the exercise of her discretion because of Yavuz's criminal convictions.

Yavuz timely appealed the IJ's determination and, in a January 2009 ruling, the BIA affirmed the IJ's decision. The BIA noted that while Yavuz argued that the IJ's adverse credibility ruling was clearly erroneous and that he had, in fact, presented adequate corroborating evidence, he did not contest the IJ's alternative discretionary denial of his asylum application based upon his criminal convictions. In any event, the BIA affirmed the IJ's credibility and corroboration assessments and determined that Yavuz was also statutorily ineligible for asylum, withholding of removal, and CAT relief. Yavuz filed a timely petition for review in this Court.

### III.

The Government argues that we lack jurisdiction over Yavuz's petition for review. Indeed, because Yavuz's order of removal was based upon his conviction for a crime involving moral turpitude, we may not review the factual or discretionary findings of the BIA. See INA § 242(a)(2)(C); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir.2006). This includes credibility determinations. Jishiashvili v. Attn'y Gen., 402 F.3d

386, 392 (3d Cir.2005) (noting that "credibility determinations are factual matters").

We may, however, review Yavuz's claims "to the extent they present questions of law, or of the application of law to undisputed fact." Singh v. Gonzales, 432 F.3d 533, 537-38 (3d Cir. 2006). We agree with the Government that Yavuz has not raised any constitutional or legal claims in his brief, and thus, we lack jurisdiction over his petition for review.

As an initial matter, Yavuz appeals only the BIA's decision to deny him withholding of removal and CAT relief. Therefore, even if we had jurisdiction over the petition, we would be precluded from reviewing the BIA's decision to affirm the IJ's denial of asylum. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

Yavuz has never argued, either to the BIA or before this Court, that he is not removable pursuant to INA § 237(a)(2)(A)(i) based on his state conviction for a crime involving moral turpitude. In his brief, he primarily disputes the BIA's decision to affirm the IJ's adverse credibility determination, which formed the basis for the denial of his claims for asylum, withholding of removal, and CAT relief. However, because that is merely a factual issue, we lack jurisdiction to review it.

To the extent that Yavuz also argues that, despite the adverse credibility ruling, he presented adequate testimony and/or corroborating evidence to satisfy the standards for

4

withholding of removal and CAT relief, but that the BIA did not properly consider his evidence, that is not a question of law either. Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("[C]ourts have recognized arguments such as that an Immigration Judge or the BIA incorrectly weighed evidence, failed to consider evidence, or improperly weighed equitable factors are not questions of law."). Accordingly, because Yavuz's arguments do not raise a constitutional issue or a question of law, we lack the authority to review them. Id. at 190.

For those reasons, we will dismiss the petition for review for lack of jurisdiction.